NATIONAL WESTERN LIFE INSURANCE CO., Appellant,

v.

Harmon WALTERS, Appellee.

No. 14059.

Court of Appeals of Texas, Austin.

Dec. 21, 1983.

R. James George, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellant.

Patrick F. McManemin, Newman, Shook & Newman, Dallas, for appellee.

Before SHANNON, POWERS and BRADY, JJ.

PER CURIAM.

National Western Life Insurance Co. appeals from the order of the district court denying its motion to disqualify opposing trial counsel. Appellee has filed a motion to dismiss the appeal arguing that the order is interlocutory in nature and not appealable. We will grant the motion and dismiss the appeal.

It is a general rule, subject only to narrow exceptions, that an appeal may be prosecuted only from a final judgment and that to be final, a judgment must dispose of all issues and parties in a case. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Moreover, an order denying a motion to disqualify counsel from representation in a civil proceeding has been held to be an interlocutory order, subject to review by an appellate court only in the event of an appeal from a judgment after trial of the suit on its merits, *Knox v. Long,* 228 S.W.2d 367, 368 (Tex.Civ.App. 1950, writ ref'd). Under these circumstances, it seems clear that appellant's appeal should be dismissed.

In response to appellee's motion, appellant insists the district court's order also denied requested temporary injunctive relief in two respects. Accordingly, appellant characterizes this cause as "an appeal from a motion denying a request for a temporary injunction in substance as well as form." Appellant argues therefore that the order is appealable pursuant to Tex.Rev.Civ.Stat. Ann. art. 4662 (Supp.1982). We disagree.

Generally, it is true that when a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course is to dismiss that portion which is non-appealable and to rule on that portion from which appeal may be taken. *See Hastings Oil Co. v. Texas Co.,* 149 Tex. 416, 234 S.W.2d 389, 398 (Tex. 1950); *Dickson v. Dickson,* 516 S.W.2d 28, 30 (Tex.Civ.App.1974, no writ). We do not agree, however, that an order refusing to disqualify opposing counsel may be cloaked in injunctive language so as to permit the appeal of an otherwise non-appealable order.

Even if such appeal were permissible, the points of error assigned by appellant assail only that portion of the order overruling the motion to disqualify. Appellant has not challenged the portion of the order denying injunctive relief.

For the foregoing reasons, this Court has concluded that the order of the district court is interlocutory and non-appealable. Appellee's motion to dismiss is granted, and the appeal is dismissed.