**FRANKLIN SAVINGS ASSOCIATION, Appellant,**

v.

**Louis G. REESE, III, et al., Appellees.**

**No. 3–87–259–CV.**

Court of Appeals of Texas, Austin.

June 29, 1988.

Rehearing Overruled in Part/Granted in Part June 29, 1988.

H. Robert Powell, Hughes & Luce, Austin, for appellant.

William M. Ravkind, Dallas, for appellees.

Before POWERS, SMITH * and CARROLL, JJ.

### ON MOTION FOR REHEARING

CARROLL, Justice.

The May 11, 1988 opinion and judgment of this Court are withdrawn and the following substituted therefor.

The district court granted the appellees' application for a temporary injunction to prevent the foreclosure of their property by appellant. We will affirm the judgment of the district court granting the temporary injunction, but will remand the cause to that court to set an adequate bond.

### BACKGROUND

Appellant Franklin Savings is a state savings and loan association. Appellant owned a large tract of real property in Travis County known as Jourdan Crossing. Appellee Louis G. Reese, III, is an experienced and sophisticated real estate investor and developer, and is the principal owner of appellee Louis G. Reese, Inc., a Texas corporation. In this opinion we will refer both to Reese individually and to his corporation jointly as "appellee."

The parties agree that in the fall of 1985, appellant contracted to sell appellee the Jourdan Crossing property for some $45,-000,000. While the parties agree on very little else, it is clear that the transaction ultimately closed.

Appellee paid $10 million (borrowed from another savings and loan) as a down payment and executed a note to appellant for over $34 million. The market fell, development of the project stalled and appellee was unable to meet his obligations under the $34 million note. Appellant attempted to foreclose its deed of trust against the property, and appellee filed suit seeking both temporary and permanent injunctive relief along with actual and exemplary

damages and a declaratory judgment. Appellee based its suit on claimed causes of action involving usury, breach of contract, real estate and common-law fraud, and conspiracy, as well as violations of the Federal Savings and Loan Tying Act and Savings and Loan Act.

The district court granted a temporary restraining order without notice and after three days of testimony granted the temporary injunction and set the injunction bond at $10,000.

### DISCUSSION

In a hearing on an application for *temporary* injunction, the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending a trial on the merits. The applicant need only demonstrate a probable injury and a probable right of recovery; he does not have to establish that he will finally prevail on the merits. *Transport Co. of Texas, et al. v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953). Where the pleadings and evidence present a case of probable injury and probable right of recovery, the trial court is clothed with broad discretion in determining whether to issue a temporary injunction and its order will be reversed only on a showing of a clear abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

This is not an appeal of the cause on the merits, and we are not to be understood as holding that appellee will ultimately prevail on *any* of the alleged causes of action. To the contrary, our standard of review of a grant of a temporary injunction is whether the trial court abused its discretion in finding that there was a probable injury and a probable right of recovery. An abuse of discretion occurs when the decision of the trial court was arbitrary or unreasonable. *Landry v. Traveler's Insurance Co.*, 458 S.W.2d 649 (Tex.1970). Since it is obvious that appellee would prob-

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code § 73.012 (Supp.1988).

ably be injured if the property were foreclosed and sold, the only question here is whether the trial court erred in determining there was a probable right of recovery.

■ The parties have not yet had the opportunity to present all their evidence on appellee's allegations. Until then, the probable right to recover is determinable only by what now appears in the record. And what now appears in the record is evidence that, while hotly disputed, *if believed* establishes at least one of appellee's causes of action. Point of error one is overruled.

Appellant's second point of error challenges the trial court's setting of bond for the temporary injunction at $10,000. Texas R.Civ.P. 684 (Supp.1988) provides that in the order granting any temporary injunction, the court shall fix the amount of security to be given by the applicant. The rule then provides that the bond is to be conditioned "... that the applicant will abide the decision ... in the cause, and that *he will pay all sums of money and costs that may be adjudged against him if the ... temporary injunction [is] dissolved ...*" (emphasis added). The rule also provides that the discretion of the trial court in fixing the amount of the bond is subject to review. Neither Rule 684 nor the case law gives us much guidance in evaluating the sufficiency of the bond here, but several courts have required bond amounts that, in relation to the value at stake in the action below, are proportionately far greater than the bond set in this case. *See, e.g., Westside Airways, Inc. v. JR Aircraft Corp.,* 694 S.W.2d 100 (Tex.App.1985, no writ); *Lee v. Howard Broadcasting Corp.,* 305 S.W.2d 629 (Tex.Civ.App.1957, writ dism'd).

■ We do not believe that $10,000 adequately protects appellant in this case. The property at issue is valued at between $25 million and $50 million. The debt to appellant is some $34 million, and the unpaid interest on the debt has been accruing at the rate of about $300,000 each month; thus, the potential loss of *interest alone* over the life of the injunction (which took effect December 1, 1987) already exceeds $2 million. Furthermore, should appellant

eventually prevail on the merits, it might sustain other losses resulting from its inability to develop the property during the term of the injunction. We think the trial court abused its discretion in failing to set bond at an amount adequate to protect appellant, and accordingly sustain the second point of error.

### CONCLUSION

We affirm the district court's order granting the temporary injunction, but remand the cause to that court with instructions to determine what amount of security (which in any event should greatly exceed $10,000) will adequately protect appellant, and to set bond accordingly under Tex.R. Civ.P. 684.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART ON MOTION FOR REHEARING.

POWERS, J., not participating.