Philip C. BOBBITT, Appellant,

v.

Robert CANTU, Appellee.

No. 03–98–00380–CV.

Court of Appeals of Texas,
Austin.

May 20, 1999.

R. James George, Jr., George, Donald-
son L.L.P., Austin, for appellant.

Douglass D. Hearne, Roger B. Williams, Hearne, Eppright & Gest, Austin, for appellee.

Before Justices JONES, B.A. SMITH and YEAKEL.

LEE YEAKEL, Justice.

In this case appellant invites the Court to determine and declare his rights pursuant to an easement agreement before the district court considers the remaining issues between the parties and renders a final judgment. We will decline the invitation and dismiss the appeal.

Appellant Philip C. Bobbitt and appellee Robert Cantu brought claims against each other in district court, seeking a declaration of their rights under an easement that conveyed to Bobbitt a right-of-way across Cantu's property, and further seeking injunctive relief against one another.[1] Bobbitt and Cantu each moved for summary judgment.[2] The district court denied Bobbitt's motion and granted partial summary judgment for Cantu. In the same order, the court granted Cantu a temporary injunction enjoining Bobbitt from going onto Cantu's property. In four points of error, Bobbitt appeals the district court's order.

## BACKGROUND

Appellant Philip C. Bobbitt owns a tract of land in Austin located on and accessed by Windsor Road. In order to obtain a second access point, from Kingsbury Street, Bobbitt purchased an easement from J.M. Callicutt, the owner of adjoining property to the north of Bobbitt's tract. The Callicutt property, burdened with the easement, was later acquired by appellee Robert Cantu. The easement was expressly "for the purpose of constructing, maintaining, and using a one-lane, graded and paved vehicular driveway to extend from Kingsbury Street on the North line of the [Cantu property] herein described to [Bobbitt's] property on the South line of [Cantu's property]."

The easement further provided that "the exact location of the contemplated driveway on and over [Cantu's property] shall be designated by [Bobbitt], and in making such designation [Bobbitt] will make a reasonable effort to preserve as many as possible of the trees now on such property with a trunk diameter of more than eight inches." When Bobbitt began to plan construction of the driveway, he discovered that a small strip of Pease Park, a public park owned by the City of Austin, separated the northern boundary of Cantu's property from Kingsbury Street. Bobbitt tried to obtain a license from the Austin City Council to cross Pease Park to Kingsbury Street. The city council refused his request. Bobbitt then began to construct the driveway in a location that would cross the eastern boundary of Cantu's property, to join a second tract owned by Bobbitt. As Bobbitt's second tract already had access to Kingsbury Street, Bobbitt would achieve his desired second access point without the necessity of crossing Pease Park.

After construction was underway, Cantu ordered Bobbitt to vacate his property. Bobbitt responded by filing suit against Cantu for a declaration that he had a valid easement allowing him to place the driveway wherever he chose, so long as the driveway was within the metes and bounds description of the easement tract. He also sought to enjoin Cantu from interfering with the construction of the driveway. Cantu counterclaimed, asserting that Bobbitt was a trespasser and seeking a declaration that the easement was terminated because, due to the action of the Austin City Council, the purpose for which it was granted could not be fulfilled. Cantu also sought injunctive relief and actual and exemplary damages for his trespass claim. Bobbitt and Cantu filed cross-motions for summary judgment. The district court denied Bobbitt's motion and granted Cantu's motion in part, ordering that Bobbitt take

1. Cantu also sued Bobbitt for trespass, seeking actual and exemplary damages.

2. Cantu's motion was for partial summary judgment.

nothing and that the easement be declared null and void as it was terminated by the refusal of the Austin City Council to allow Bobbitt access to Kingsbury Street by crossing Pease Park. In the same order, the court temporarily enjoined Bobbitt from entering Cantu's property until final trial of this matter.

In four points of error, Bobbitt challenges the district court's order, asserting that the district court erred because: (1) the purpose of the easement was to build a one-lane driveway from Bobbitt's property to Kingsbury Street, and the easement's reference to Kingsbury Street being on the north line of Cantu's property is a mistaken conclusion that Cantu's property was contiguous with Kingsbury Street; (2) the mistaken conclusion that Cantu's property and Kingsbury Street were contiguous creates an ambiguity, which is to be construed against Cantu, and thus should allow Bobbitt access to Kingsbury Street by any route consistent with the purpose as stated in the easement; (3) she concluded as a matter of law that the purpose of the easement was to allow Bobbitt access to Kingsbury Street from his property, but only if he could access Kingsbury Street by a route that crossed the north line of Cantu's property, when in fact the easement is ambiguous and a fact issue exists as to its construction; and (4) the easement is not void because of a single vote by the Austin City Council refusing Bobbitt an easement across Pease Park.[3]

## DISCUSSION

<span style="background:black">   </span> We must first determine whether we have jurisdiction to decide the issues in this case, as without jurisdiction we can go no further. *See Doctors Hosp. v. Fifth Court of Appeals,* 750 S.W.2d 177, 179 (Tex.1988) ("[A] court has no power ... to rule upon a matter over which it has no jurisdiction."). Generally, appeals may be taken only from final orders or judgments. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). "A final judg-

ment is one which disposes of all legal issues between all parties." *Id.* (citing *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex. 1986)); *see also National W. Life Ins. Co. v. Walters,* 663 S.W.2d 125, 126 (Tex. App.—Austin 1983, no writ). An interlocutory order, however, "leaves something further to be determined and adjudicated in disposing of the parties and their rights." *Taliaferro v. Texas Commerce Bank,* 660 S.W.2d 151, 152 (Tex.App.— Fort Worth 1983, no writ) (citing *Kinney v. Tri–State Tel. Co.,* 222 S.W. 227, 230 (Tex.1920)). "Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction." *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *see also Tipps,* 842 S.W.2d at 272.

There is no dispute that the district court's order is interlocutory. It resolves only the issues surrounding the easement and leaves unresolved the issues of trespass, damages, and attorneys' fees. To determine whether the order is appealable, we must examine the order's structure and the current posture of the case before us.

The order first recites that the district court considered the parties' cross-motions for summary judgment, and sustained certain of Cantu's objections to portions of Bobbitt's summary-judgment proof. The order next (1) denies Bobbitt's motion for summary judgment in its entirety; (2) grants in part Cantu's motion for partial summary judgment; and (3) renders judgment that Bobbitt take nothing by his suit. The order then contains several declarations regarding the easement: (1) by virtue of the Austin City Council's action denying Bobbitt's request to cross Pease Park, the easement was terminated as a matter of law; (2) any cloud cast upon the title to Cantu's property by virtue of the easement is lifted; and (3) no other easement has been created by the actions of Bobbitt and Cantu.

---

3. Bobbitt's first three points of error are prefaced with "The trial court erred in granting the temporary injunction because...."

Without more, the district court's order is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (West Supp.1999); *see also Stary,* 967 S.W.2d at 352–353 (if order recited nothing further, this Court would lack jurisdiction to review it). The order, however, does say more. Bobbitt is temporarily enjoined from going onto Cantu's property "until final trial of this matter," the date of which is to be determined by the parties. Bobbitt contends that the entire order may thus be appealed as an appeal of a temporary injunction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (West Supp. 1998) (appeal may be taken from interlocutory order granting temporary injunction).

■ "An appeal from an interlocutory order granting or refusing a temporary injunction may not be used as a vehicle for carrying other non-appealable interlocutory orders and judgments to the appellate court." *City of Arlington v. Texas Elec. Serv. Co.,* 540 S.W.2d 580, 582 (Tex.Civ. App.—Fort Worth 1976, writ ref'd. n.r.e.) (citing *Hastings Oil Co. v. Texas Co.,* 149 Tex. 416, 234 S.W.2d 389 (1950)); *see also Browne v. Bear, Stearns & Co.,* 766 S.W.2d 823, 824 (Tex.App.—Dallas 1989, writ denied). When a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course is to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken. *See Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing,* 940 S.W.2d 150, 154 (Tex.App.—San Antonio 1996, no writ) (citing *Walters,* 663 S.W.2d at 126). In *Walters* we specifically disapproved of the practice of cloaking an order in injunctive language "so as to permit the appeal of an otherwise non-appealable order." *Id.*

■ Bobbitt's points of error assail only that portion of the order construing the easement.[4] He references the temporary injunction to obtain a ruling on the district court's assessment of liability before the district court determines Cantu's trespass claim and assesses damages. We do not agree with Bobbitt's assertion that the temporary injunction could only be based on the district court's conclusions regarding the validity of the easement. The temporary injunction can stand alone and could have been ordered in the absence of any reference in the order to the ultimate liability between the parties. A temporary injunction is proper when the applicant demonstrates a right to preserve the *status quo. See Garth v. Staktek Corp.,* 876 S.W.2d 545, 548 (Tex.App.— Austin 1994, writ dism'd w.o.j.); *Franklin Sav. Ass'n v. Reese,* 756 S.W.2d 14, 15 (Tex.App.—Austin 1988, no writ); *see also Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993) (citing *Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981)) ("[T]he only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits."). To be entitled to preserve the *status quo* the applicant need demonstrate only a probable injury and a probable right to recovery. *See Garth,* 876 S.W.2d at 548 (citing *Transport Co. v. Robertson Transps.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953)). The applicant need not establish that he or she will prevail on final trial. *Walling,* 863 S.W.2d at 58; *Miller Paper Co. v. Roberts Paper Co.,* 901 S.W.2d 593, 597 (Tex. App.—Amarillo 1995, no writ). The district court's order granting the temporary injunction may be reversed only on a showing of a clear abuse of discretion. *Id.* (citing *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978)).

Here, Bobbitt and Cantu join issue over whether and where the easement allows Bobbitt to construct a driveway across Cantu's property. Bobbitt commenced construction activities on Cantu's land. In response, Cantu brought a trespass claim against Bobbitt, which is still before the district court for determination. In light of these facts, we cannot say that it was beyond the discretion of the district court to preserve the *status quo* until final judgment.

---

**4.** *See* pp. 710 – 711, *supra.*

Bobbitt's points of error, in substance, attack the district court's grant of partial summary judgment, not the temporary injunction itself. Thus, he attempts to appeal an otherwise unappealable order by joining it with an appeal of a temporary injunction. We hold, therefore, that the district court's grant of partial summary judgment is non-appealable, "although it comes along with the interlocutory order of temporary injunction." *See Hastings Oil Co.*, 234 S.W.2d at 398; *see also City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex.1988) ("A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."). As a result, we do not reach and express no opinion regarding the characterization, enforceability, or viability of the easement. Those issues must await the rendition of a final judgment.

### CONCLUSION

We dismiss the appeal for want of jurisdiction.