TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00380-CV







Philip C. Bobbitt, Appellant


v.


Robert Cantu, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 98-00595, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 





 In this case appellant invites the Court to determine and declare his rights pursuant
to an easement agreement before the district court considers the remaining issues between the
parties and renders a final judgment. We will decline the invitation and dismiss the appeal.

 Appellant Philip C. Bobbitt and appellee Robert Cantu brought claims against each
other in district court, seeking a declaration of their rights under an easement that conveyed to
Bobbitt a right-of-way across Cantu's property, and further seeking injunctive relief against one
another. (1) Bobbitt and Cantu each moved for summary judgment. (2) The district court denied
Bobbitt's motion and granted partial summary judgment for Cantu. In the same order, the court
granted Cantu a temporary injunction enjoining Bobbitt from going onto Cantu's property. In four
points of error, Bobbitt appeals the district court's order.


BACKGROUND

 Appellant Philip C. Bobbitt owns a tract of land in Austin located on and accessed
by Windsor Road. In order to obtain a second access point, from Kingsbury Street, Bobbitt
purchased an easement from J. M. Callicutt, the owner of adjoining property to the north of
Bobbitt's tract. The Callicutt property, burdened with the easement, was later acquired by
appellee Robert Cantu. The easement was expressly "for the purpose of constructing,
maintaining, and using a one-lane, graded and paved vehicular driveway to extend from Kingsbury
Street on the North line of the [Cantu property] herein described to [Bobbitt's] property on the
South line of [Cantu's property]." 

 The easement further provided that "the exact location of the contemplated
driveway on and over [Cantu's property] shall be designated by [Bobbitt], and in making such
designation [Bobbitt] will make a reasonable effort to preserve as many as possible of the trees
now on such property with a trunk diameter of more than eight inches." When Bobbitt began to
plan construction of the driveway, he discovered that a small strip of Pease Park, a public park
owned by the City of Austin, separated the northern boundary of Cantu's property from Kingsbury
Street. Bobbitt tried to obtain a license from the Austin City Council to cross Pease Park to
Kingsbury Street. The city council refused his request. Bobbitt then began to construct the
driveway in a location that would cross the eastern boundary of Cantu's property, to join a second
tract owned by Bobbitt. As Bobbitt's second tract already had access to Kingsbury Street, Bobbitt
would achieve his desired second access point without the necessity of crossing Pease Park. 

 After construction was underway, Cantu ordered Bobbitt to vacate his property. 
Bobbitt responded by filing suit against Cantu for a declaration that he had a valid easement
allowing him to place the driveway wherever he chose, so long as the driveway was within the
metes and bounds description of the easement tract. He also sought to enjoin Cantu from
interfering with the construction of the driveway. Cantu counterclaimed, asserting that Bobbitt
was a trespasser and seeking a declaration that the easement was terminated because, due to the
action of the Austin City Council, the purpose for which it was granted could not be fulfilled. 
Cantu also sought injunctive relief and actual and exemplary damages for his trespass claim. 
Bobbitt and Cantu filed cross-motions for summary judgment. The district court denied Bobbitt's
motion and granted Cantu's motion in part, ordering that Bobbitt take nothing and that the
easement be declared null and void as it was terminated by the refusal of the Austin City Council
to allow Bobbitt access to Kingsbury Street by crossing Pease Park. In the same order, the court
temporarily enjoined Bobbitt from entering Cantu's property until final trial of this matter.

 In four points of error, Bobbitt challenges the district court's order, asserting that
the district court erred because: (1) the purpose of the easement was to build a one-lane driveway
from Bobbitt's property to Kingsbury Street, and the easement's reference to Kingsbury Street
being on the north line of Cantu's property is a mistaken conclusion that Cantu's property was
contiguous with Kingsbury Street; (2) the mistaken conclusion that Cantu's property and
Kingsbury Street were contiguous creates an ambiguity, which is to be construed against Cantu,
and thus should allow Bobbitt access to Kingsbury Street by any route consistent with the purpose
as stated in the easement; (3) she concluded as a matter of law that the purpose of the easement
was to allow Bobbitt access to Kingsbury Street from his property, but only if he could access
Kingsbury Street by a route that crossed the north line of Cantu's property, when in fact the
easement is ambiguous and a fact issue exists as to its construction; and (4) the easement is not
void because of a single vote by the Austin City Council refusing Bobbitt an easement across Pease
Park. (3) 


DISCUSSION We must first determine whether we have jurisdiction to decide the issues in this
case, as without jurisdiction we can go no further. See Doctors Hosp. v. Fifth Court of Appeals,
750 S.W.2d 177, 179 (Tex. 1988) ("[A] court has no power . . . to rule upon a matter over which
it has no jurisdiction."). Generally, appeals may be taken only from final orders or judgments. 
See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). "A final judgment is one
which disposes of all legal issues between all parties." Id. (citing Hinde v. Hinde, 701 S.W.2d
637, 639 (Tex. 1986)); see also National W. Life Ins. Co. v. Walters, 663 S.W.2d 125, 126 (Tex.
App.--Austin 1983, no writ). An interlocutory order, however, "leaves something further to be
determined and adjudicated in disposing of the parties and their rights." Taliaferro v. Texas
Commerce Bank, 660 S.W.2d 151, 152 (Tex. App.--Fort Worth 1983, no writ) (citing Kinney v.
Tri-State Tel. Co., 222 SW. 227, 230 (Tex. 1920)). "Appellate courts have jurisdiction to
consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate
jurisdiction." Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998); see also Tipps, 842 S.W.2d
at 272.

 There is no dispute that the district court's order is interlocutory. It resolves only
the issues surrounding the easement and leaves unresolved the issues of trespass, damages, and
attorneys' fees. To determine whether the order is appealable, we must examine the order's
structure and the current posture of the case before us.

 The order first recites that the district court considered the parties' cross-motions
for summary judgment, and sustained certain of Cantu's objections to portions of Bobbitt's
summary-judgment proof. The order next (1) denies Bobbitt's motion for summary judgment in
its entirety; (2) grants in part Cantu's motion for partial summary judgment; and (3) renders
judgment that Bobbitt take nothing by his suit. The order then contains several declarations
regarding the easement: (1) by virtue of the Austin City Council's action denying Bobbitt's
request to cross Pease Park, the easement was terminated as a matter of law; (2) any cloud cast
upon the title to Cantu's property by virtue of the easement is lifted; and (3) no other easement has
been created by the actions of Bobbitt and Cantu.

 Without more, the district court's order is not an appealable interlocutory order. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 1999); see also Stary, 967 S.W.2d
at 352-353 (if order recited nothing further, this Court would lack jurisdiction to review it). The
order, however, does say more. Bobbitt is temporarily enjoined from going onto Cantu's property
"until final trial of this matter," the date of which is to be determined by the parties. Bobbitt
contends that the entire order may thus be appealed as an appeal of a temporary injunction. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 1998) (appeal may be taken from
interlocutory order granting temporary injunction).

 "An appeal from an interlocutory order granting or refusing a temporary injunction
may not be used as a vehicle for carrying other non-appealable interlocutory orders and judgments
to the appellate court." City of Arlington v. Texas Elec. Serv. Co., 540 S.W.2d 580, 582 (Tex.
Civ. App.--Fort Worth 1976, writ ref'd. n.r.e.) (citing Hastings Oil Co. v. Texas Co., 234
S.W.2d 389 (Tex. 1950)); see also Browne v. Bear, Stearns & Co., 766 S.W.2d 823, 824 (Tex.
App.--Dallas 1989, writ denied). When a party appeals from two interlocutory orders, only one
of which is made appealable by statute, the proper course is to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken. See Elm Creek Villas
Homeowner Ass'n, Inc. v. Beldon Roofing, 940 S.W.2d 150, 154 (Tex. App.-- San Antonio 1996,
no writ) (citing Walters, 663 S.W.2d at 126). In Walters we specifically disapproved of the
practice of cloaking an order in injunctive language "so as to permit the appeal of an otherwise
non-appealable order." Id.

 Bobbitt's points of error assail only that portion of the order construing the
easement. (4) He references the temporary injunction to obtain a ruling on the district court's
assessment of liability before the district court determines Cantu's trespass claim and assesses
damages. We do not agree with Bobbitt's assertion that the temporary injunction could only be
based on the district court's conclusions regarding the validity of the easement. The temporary
injunction can stand alone and could have been ordered in the absence of any reference in the
order to the ultimate liability between the parties. A temporary injunction is proper when the
applicant demonstrates a right to preserve the status quo. See Garth v. Staktek Corp., 876 S.W.2d
545, 548 (Tex. App.--Austin 1994, writ dism'd w.o.j.); Franklin Sav. Ass'n v. Reese, 756
S.W.2d 14, 15 (Tex. App.--Austin 1988, no writ); see also Walling v. Metcalfe, 863 S.W.2d 56,
58 (Tex. 1993) (citing Iranian Muslim Org. v. City of San Antonio, 615 S.W.2d 202, 208 (Tex.
1981)) ("[T]he only question before the trial court is whether the applicant is entitled to
preservation of the status quo pending trial on the merits."). To be entitled to preserve the status
quo the applicant need demonstrate only a probable injury and a probable right to recovery. See
Garth, 876 S.W.2d at 548 (citing Transport Co. v. Robertson Transps., 261 S.W.2d 549, 552
(Tex. 1953)). The applicant need not establish that he or she will prevail on final trial. Walling,
863 S.W.2d at 58; Miller Paper Co. v. Roberts Paper Co., 901 S.W.2d 593, 597 (Tex.
App.--Amarillo 1995, no writ). The district court's order granting the temporary injunction may
be reversed only on a showing of a clear abuse of discretion. Id. (citing Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978)). 

 Here, Bobbitt and Cantu join issue over whether and where the easement allows
Bobbitt to construct a driveway across Cantu's property. Bobbitt commenced construction
activities on Cantu's land. In response, Cantu brought a trespass claim against Bobbitt, which is
still before the district court for determination. In light of these facts, we cannot say that it was
beyond the discretion of the district court to preserve the status quo until final judgment. 

 Bobbitt's points of error, in substance, attack the district court's grant of partial
summary judgment, not the temporary injunction itself. Thus, he attempts to appeal an otherwise
unappealable order by joining it with an appeal of a temporary injunction. We hold, therefore,
that the district court's grant of partial summary judgment is non-appealable, "although it comes
along with the interlocutory order of temporary injunction." See Hastings Oil Co., 294 S.W.2d
at 398; see also City of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex. 1988) ("A summary
judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory
and not appealable unless a severance of that phase of the case is ordered by the trial court."). 
As a result, we do not reach and express no opinion regarding the characterization, enforceability,
or viability of the easement. Those issues must await the rendition of a final judgment.


CONCLUSION

 We dismiss the appeal for want of jurisdiction.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: May 20, 1999

Publish
1. Cantu also sued Bobbitt for trespass, seeking actual and exemplary damages.
2. Cantu's motion was for partial summary judgment.
3. Bobbitt's first three points of error are prefaced with "The trial court erred in granting the
temporary injunction because. . . ."
4. See pp. 3-4, supra.



, only one
of which is made appealable by statute, the proper course is to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken. See Elm Creek Villas
Homeowner Ass'n, Inc. v. Beldon Roofing, 940 S.W.2d 150, 154 (Tex. App.-- San Antonio 1996,
no writ) (citing Walters, 663 S.W.2d at 126). In Walters we specifically disapproved of the
practice of cloaking an order in injunctive language "so as to permit the appeal of an otherwise
non-appealable order." Id.

 Bobbitt's points of error assail only that portion of the order construing the
easement. (4) He references the temporary injunction to obtain a ruling on the district court's
assessment of liability before the district court determines Cantu's trespass claim and assesses
damages. We do not agree with Bobbitt's assertion that the temporary injunction could only be
based on the district court's conclusions regarding the validity of the easement. The temporary
injunction can stand alone and could have been ordered in the absence of any reference in the
order to the ultimate liability between the parties. A temporary injunction is proper when the
applicant demonstrates a right to preserve the status quo. See Garth v. Staktek Corp., 876 S.W.2d
545, 548 (Tex. App.--Austin 1994, writ dism'd w.o.j.); Franklin Sav. Ass'n v. Reese, 756
S.W.2d 14, 15 (Tex. App.--Austin 1988, no writ); see also Walling v. Metcalfe, 863 S.W.2d 56,
58 (Tex. 1993) (citing Iranian Muslim Org. v. City of San Antonio, 615 S.W.2d 202, 208 (Tex.
1981)) ("[T]he only question before the trial court is whether the applicant is entitled to
preservation of the status quo pending trial on the merits."). To be entitled to preserve the status
quo the applicant need demonstrate only a probable injury and a probable right to recovery. See
Garth, 876 S.W.2d at 548 (citing Transport Co. v. Robertson Transps., 261 S.W.2d 549, 552
(Tex. 1953)). The applicant need not establish that he or she will prevail on final trial. Walling,
863 S.W.2d at 58; Miller Paper Co. v. Roberts Paper Co., 901 S.W.2d 593, 597 (Tex.
App.--Amarillo 1995, no writ). The district court's order granting the temporary injunction may
be reversed only on a showing of a clear abuse of discretion. Id. (citing Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978)). 

 Here, Bobbitt and Cantu join issue over whether and where the easement allows
Bobbitt to construct a driveway across Cantu's property. Bobbitt commenced construction
activities on Cantu's land. In response, Cantu brought a trespass claim against Bobbitt, which is
still before the district court for determination. In light of these facts, we cannot say that it was
beyond the discretion of the district court to preserve the status quo until final judgment. 

 Bobbitt's points of error, in substance, attack the district court's grant of partial
summary judgment, not the temporary injunction itself. Thus, he attempts to appeal an otherwise
unappealable order by joining it with an appeal of a temporary injunction. We hold, therefore,
that the district court's grant of partial summary judgment is non-appealable, "although it comes
along with the interlocutory order of temporary injunction." See Hastings Oil Co., 294 S.W.2d
at 398; see also City of Beaumont v. Guillory, 751 S.W.2d 491, 492 (Tex. 1988) ("A summary
judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory
and not appealable unless a severance of that phase of the case is ordered by the trial court."). 
As a result, we do not reach and express no opinion regarding the characterization, enforceability,
or viability of the easement. Those issues must await the rendition of a final judgment.