

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§                    No. 08-15-00251-CV

IN THE INTEREST OF S.M.B.,                    §                    Appeal from

A CHILD.                    §                    380th District Court

§                    of Collin County, Texas

§                    (TC # 380-51444-2008)

§

## <u>MEMORANDUM OPINION</u>

This appeal is before the Court on its own motion for determination of whether it should be dismissed for want of jurisdiction. Finding that the trial court's interlocutory orders denying a motion to transfer venue and to disqualify counsel are not appealable, we dismiss the appeal for lack of jurisdiction.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West 2015)(authorizing appeals from certain interlocutory orders). A final judgment is one that disposes of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195. Appellant filed a notice of appeal indicating that he is appealing the trial court's orders denying Appellant's motion to transfer venue under Section 155.021 of the Texas Family Code and denying Appellant's motion to

disqualify counsel.  The Court notified Appellants that it intended to dismiss the appeal for lack of jurisdiction because there is no final judgment and these interlocutory orders are not appealable.  In his response, Appellant focuses on whether the orders have been reduced to writing by the trial court but that is not the critical issue.  The issue is whether these interlocutory orders are appealable.  The Family Code expressly provides that an order denying transfer under Section 155.201 is not subject to interlocutory appeal.  TEX.FAM.CODE ANN. 155.204(h)(West 2014).  An order denying a motion to disqualify counsel in a civil proceeding is an interlocutory order and is subject to review only in an appeal from the final judgment.  *See National Western Life Insurance Company v. Walters*, 663 S.W.2d 125, 126 (Tex.App.--Austin 1983, no writ).  We therefore dismiss the appeal for want of jurisdiction.

November 3, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.