# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00662-CV

**Lantana Ridge Property Owners Association, Inc., Appellant**

**v.**

**SJWTX, Inc. d/b/a Canyon Lake Water Service Co. , Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C2018-1123A, HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lantana Ridge Property Owners Association, Inc. (the Association) has filed a notice of interlocutory appeal based on section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (authorizing interlocutory appeal of order granting or refusing temporary injunction). SJWTX d/b/a Canyon Lake Water Service Co. has filed a motion to dismiss the appeal for lack of jurisdiction. For the following reasons, we grant the motion and dismiss this appeal for want of jurisdiction.

The Association appeals from the trial court's interlocutory order that granted SJWTX's motion for summary judgment, denied the Association's motion for summary judgment, and ordered that the Association take nothing on all of its claims for affirmative relief as set forth in its live pleading. The order was interlocutory because SJWTX's claim for attorney's fees remained pending. *See City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) ("A

summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."). At the time of the trial court's summary judgment ruling, the trial court had not held a hearing on the Association's pending motion for temporary injunction.

The Association has filed a response to SJWTX's motion to dismiss, arguing that the summary judgment order is subject to interlocutory appeal because it "effectively" denied the Association's requests for temporary and permanent injunction. The substance of the Association's issues on appeal, however, are directed to the trial court's rulings on the merits of the parties' dispute and not to the question of whether the Association was entitled to preserve the status quo pending a trial on the merits.[1] *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("[T]he only question

---

[1] In its appellant's brief, the Association raises the following two issues:

1.    SJWTX took an easement in gross that was granted with an express reservation of the declarant's right (the "right of annexation") to subject the property to the Declaration of Covenants, Conditions, and Restrictions applicable to the Lantana Ridge subdivision. As the declarant exercised that right and elected to add the property to the subdivision, how can the easement owner avoid compliance with the terms of the Declaration?

2.    Assuming that the property owner could not implement the terms of the Declaration to impose restrictions on the easement, are those terms nonetheless applicable pursuant to the doctrine of the implied reciprocal negative easement?

We expressly have not considered these issues because we do not have jurisdiction to do so. Our resolution of this appeal, however, does not preclude an appeal from a final judgment in the underlying proceeding that raises the issues that the Association has raised prematurely in this interlocutory appeal.

before the trial court [on a motion for temporary injunction] is whether the applicant is entitled to preservation of the status quo pending trial on the merits."). Until this Court has a final judgment, we lack jurisdiction to consider the merits of the trial court's summary judgment rulings. *See Guillory*, 751 S.W.2d at 492.

The scope of an interlocutory appeal is "limited by the statutory grant of jurisdiction." *Art Inst. of Chi. v. Integral Hedging, L.P.*, 129 S.W.3d 564, 570 n.8 (Tex. App.—Dallas 2003, no pet.) (citing *Smith v. Davis*, 999 S.W.2d 409, 417 (Tex. App.—Dallas 1999, no pet.)). "An appeal from an interlocutory order granting or refusing a temporary injunction may not be used as a vehicle for carrying other non-appealable interlocutory orders and judgments to the appellate court." *Bobbitt v. Cantu*, 992 S.W.2d 709, 712 (Tex. App.—Austin 1999, no pet.) (quoting *City of Arlington v. Texas Elec. Serv. Co.*, 540 S.W.2d 580, 582 (Tex. App.—Fort Worth 1976, writ ref'd n.r.e.)); *see City of Wilmer v. Northwind Props., Ltd.*, No. 05-10-00309-CV, 2010 Tex. App. LEXIS 8279, at *2 (Tex. App.—Dallas 2010, no pet.) (mem. op.) (explaining that "parties 'may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits'" (quoting *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.))).

Thus, even if the trial court's summary judgment order "effectively" overruled the Association's motion for temporary injunction, we do not have jurisdiction over the issues that the Association has raised. *See Brar*, 307 S.W.3d at 917, 919–20 (dismissing appeal, concluding that court lacked jurisdiction to consider complaint in interlocutory appeal, and explaining that "[a]sserting jurisdiction over the merits of appellants' complaint simply because they have characterized their interlocutory appeal as one from a temporary injunction would render section

3

51.014 and its limitations virtually meaningless"); *Bobbit*, 992 S.W.2d at 713 (dismissing appeal for want of jurisdiction and holding that "district court's grant of partial summary judgment [was] non-appealable, 'although it comes along with the interlocutory order of temporary injunction'").

For these reasons, we grant SJWTX's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).[2]

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed:   January 29, 2019

---

[2] Pending before this Court is the Association's motion for temporary relief. Because we have concluded that we do not have jurisdiction over this appeal, we dismiss the motion for temporary relief.