**Opinion issued August 31, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-21-00679-CV

———————————

## ERIN MCCAIN AND MARC A. TOWNLEY, Appellants

## V.

## LINDA A. LANIER, Appellee

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2020-59696

## MEMORANDUM OPINION

Appellants Erin McCain and Marc A. Townley, acting pro se, filed this interlocutory appeal from the trial court's orders denying their request for an oral hearing on their Texas Citizens Participation Act (TCPA)[1] motion to dismiss a

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001-.011.

motion for sanctions filed by appellee Linda A. Lanier and finding the TCPA motion to dismiss moot. In five issues on appeal, appellants argue that the trial court erred by: (1) denying their request for a hearing on their TCPA motion; (2) mooting and failing to rule on their TCPA motion; (3) failing to dismiss Lanier's motion for sanctions because it infringed on their right to petition; (4) imposing sanctions without a hearing in violation of due process; and (5) sustaining Lanier's special exceptions without first providing appellants an opportunity to respond or to cure defects.

Because we conclude that we do not have jurisdiction over an appeal from an order imposing sanctions or an order granting special exceptions, we dismiss appellants' appeal to the extent they purport to appeal from such orders. We further affirm the trial court's denial of appellants' TCPA motion to dismiss.

## Background

Appellants sued Lanier for actions related to a fence built by Lanier purportedly along the property line between her property and the appellants' property. The record reflects that the trial court referred the case, which was set for trial on November 15, 2021, to mediation on August 28, 2021. On November 4, 2021, Lanier moved for a continuance of the trial explaining that the "Court ordered the parties to mediation . . . and an agreeable date has not been decided upon between the parties and mediator." The certificate of conference noted that Lanier's counsel

2

attempted to confer with appellants (who were also pro se in the trial court) on October 27, but the emails were not returned.

Appellants filed objections to the motion for continuance that same day, which contained the following statements:

- "In the Motion, counsel for the Defendant is lying, as per usual in this case, to the Court. Counsel did not attempt to confer with the Plaintiffs about the Motion for Continuance."

- "Plaintiff would further show that the Defendant has unilaterally failed to cooperate with the mediation process in this case. See attached 'Exhibit A', e-mail dialogue. Plaintiffs contacted the appointed mediator Steven C. Howard on August 31, 2021 and proposed four dates during the first week of October for mediation. Defendant did not respond to any of these distributed e-mails or otherwise attempt to arrange time for mediation. Defendant had sufficient opportunity over a two month period to participate in mediation of this matter, but instead utterly refused to cooperate. Plaintiffs argue that the reason cited for continuance is solely Defendant's own fault."

- "The appointed mediator, Steven C. Howard, did not 'select a date, for all parties to appear as directed by the Mediator' as set forth under the Order of Referral for Mediation."

In response, on November 5, Lanier filed a reply to appellants' objections and moved for sanctions under Texas Rule of Civil Procedure 13.[2] She cited the above

---

[2]     Rule 13 provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who . . . shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a

statements in appellants' objections and argued that appellants "knew [these statements] to be groundless and were made in bad faith." Lanier argued that these statements constituted a violation of Rule 13 and requested that the trial court award $750.00 in sanctions.

On November 11, appellants responded to Lanier's motion for continuance and motion for sanctions. In their response, appellants stated that Lanier's "motions for sanctions constitute violations of Chapter 27 of the Texas Civil Practice and Remedies Code to the extent that these actions interfere with Plaintiffs' exercise of their Constitutional rights to petition." Appellants further stated that "[f]or purposes of Defendant's requests for sanctions which are currently pending before the Court, Plaintiffs hereby invoke the provisions of § 27.003 of the Texas Civil Practice and Remedies Code and move to dismiss."

The trial court granted Lanier's motion for continuance on November 15, continuing the case "until the 2 week docket starting April 4, 2022." The trial court's order further stated: "The parties are hereby reminded that they must comply with the Court's prior mediation Order. Further the Court would like to indicate that

---

pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both."

TEX. R. CIV. P. 13.

4

Plaintiffs' reference to Texas Civil Practice & Remedies Code Chapter 27, et seq. are not persuasive nor legally applicable to Defendant's Motions." The trial court also granted Lanier's motion for sanctions and awarded $50 to Lanier as reasonable attorney's fees. The same day, appellants filed a "request for hearing/notice of submission" and requested "a hearing on their motion according to § 27.004 of the Texas Civil Practice and Remedies Code" and, alternatively, requested that the motion "be set on the Court's submission docket for Monday, November 29, 2021 at 8:00 a.m." Appellants filed an amended request for hearing the following day, stating that "counsel for Defendant has complained that notice is inadequate under subsection (d) of the [CPRC] (requiring 21 days['] notice)." Accordingly, appellants requested that the motion "instead be set on the Court's submission docket for Monday, December 13, 2021 at 8:00 a.m."

On November 18, Lanier filed special exceptions to appellants' amended request for hearing, arguing that appellants' representation that Lanier's counsel complained that notice of the hearing was inadequate was "blatantly false" as counsel "asserted no such complaint." Further, Lanier noted that the trial court had already ruled on her motion for sanctions. Lanier requested that the trial court strike the amended request for hearing in full and remove the motion to dismiss from the trial court's docket, as the motion was moot and the setting was not necessary. On November 29, the trial court sustained Lanier's special exceptions and found that

appellants' TCPA motion to dismiss was moot and denied their request for a hearing. The trial court further found "no need for further discussion or hearing of the Motion to Dismiss or the Special Exceptions based upon this Order and prior Orders of this Court."

Appellants filed their notice of appeal, purporting to appeal from the trial court's November 15 and 29 orders.

## Jurisdiction

In their five issues on appeal, appellants challenge the trial court's denial of their TCPA motion to dismiss and oral hearing on that motion, as well as the trial court's substantive rulings on Lanier's motion for sanctions and special exceptions.

Generally, appellate courts have jurisdiction to review a trial court's rulings after entry of a judgment finally disposing of the case. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory appellate jurisdiction is an exception to this general rule; it enables appellate courts to review a trial court's ruling while the case is still pending before the trial court. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007). As an intermediate appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule that appeals may only be taken from final judgments. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). And we

6

strictly construe statutes authorizing appeals from interlocutory orders. *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.—Fort Worth 2015, no pet.).

The Civil Practice and Remedies Code provides that a person may appeal from an interlocutory order of a district court that denies a motion to dismiss filed under Section 27.003. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). Thus, to the extent appellants appeal from the portion of the trial court's orders denying their TCPA motion to dismiss, we have jurisdiction over that portion of this appeal.

But in their fourth and fifth issues, appellants also purport to appeal from and challenge the trial court's substantive orders and rulings on Lanier's motion for sanctions and special exceptions. Neither an order imposing sanctions nor an order granting special exceptions is an appealable interlocutory order. *See Brenners v. Green*, No. 06-20-00034-CV, 2020 WL 4044716, at *1 (Tex. App.—Texarkana July 16, 2020, no pet.) (mem. op.) ("Generally, an order imposing monetary sanctions is reviewed on appeal from the final judgment in the case."); *Nguyen v. Aventus Ins. Co.*, No. 14-18-00720-CV, 2018 WL 5261141, at *1 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, no pet.) (mem. op.) (holding that orders sustaining special exceptions and granting motion for sanctions are interlocutory in nature and not appealable before final judgment); *Kamel v. Advocare Int'l, L.P.*, No. 05-15-01295-CV, 2016 WL 836809, at *1 (Tex. App.—Dallas Mar. 4, 2016, no pet.) (mem. op.) ("A sanctions order that does not dispose of all the parties and issues is neither an

appealable final judgment nor an appealable interlocutory order."); *Matassarin v. Odiorne*, No. 04-01-00498-CV, 2001 WL 1479258, at *1 (Tex. App.—San Antonio Nov. 21, 2001, no pet.) (per curiam) ("An order for monetary sanctions rendered in connection with an underlying lawsuit is interlocutory if it does not dispose of all parties and claims in the lawsuit.").

Where only a portion of an order qualifies for interlocutory review, we generally cannot exercise jurisdiction over other portions of the order. *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 891 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (dismissing appeal from partial grant of TCPA motion to dismiss and concluding that "denial of a [TCPA] motion to dismiss does not provide an avenue of interlocutory appeal to all other ancillary rulings contained within the same written 'interlocutory order'"); *see also Five Star Glob., LLC v. Hulme*, No. 05-20-00940-CV, 2021 WL 3159792, at *2–4 (Tex. App.—Dallas July 26, 2021, no pet.) (mem. op.) (considering interlocutory appeal to extent it challenged appointment of receiver but dismissing remainder of appeal because appellate court lacked jurisdiction to review trial court's order to extent it appointed person to act as auditor or master); *Waite v. Waite*, 64 S.W.3d 217, 224 n.6 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("When a litigant challenges both appealable and unappealable interlocutory orders, we review the portion of an order which is

appealable and refuse to consider the portion which is not[]appealable." (internal citation and quotation omitted)).

Because appellants challenge three interlocutory rulings, only one of which is appealable by statute, "the proper course is to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken." *Bobbitt v. Cantu*, 992 S.W.2d 709, 712 (Tex. App.—Austin 1999, no pet.); *see also Five Star Glob.*, 2021 WL 3159792, at *2–4; *Schlumberger*, 472 S.W.3d at 891; *Waite*, 64 S.W.3d at 224 n.6. Accordingly, because an interlocutory appeal is not authorized from the imposition of sanctions or from the granting of special exceptions, we dismiss those portions of appellants' appeal for lack of jurisdiction.

## Preservation

In their first three issues, appellants challenge the trial court's failure to hold a hearing on or expressly deny their TCPA motion to dismiss, and request that this Court "itself render judgment dismissing Appellee's Motion for Sanctions, because the legal action clearly is purposed to suppress Appellants' Constitutional exercise of their right to petition." At the outset, we note that appellants conceded in supplemental briefing[3] that although the trial court did not conduct an oral hearing on their motion, the trial court heard their motion by submission on November 29.

---

[3] Supplemental briefing was requested by this Court with respect to the jurisdictional issue, as discussed above.

*See Garcia v. Semler*, 663 S.W.3d 270, 278 (Tex. App.—Dallas 2022, no pet.) ("The current TCPA allows the 'hearing' on the merits of a motion to dismiss to be conducted by submission."). Appellants also concede that the trial court's rulings in the November 15 and 29 orders, concluding that the TCPA did not apply to Lanier's motion for sanctions and then finding that appellants' TCPA motion was moot, taken together resulted in a denial of their motion to dismiss. Thus, we conclude that appellants have abandoned their first two issues on appeal challenging the trial court's failure to hold a hearing and rule on their motion to dismiss. We overrule their first two issues.

Turning to their third issue on appeal, i.e., whether the trial court erred in denying their motion to dismiss, we hold that appellants have not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a)(1).

As explained above, Lanier filed a motion for sanctions under Texas Rule of Civil Procedure 13 seeking sanctions against appellants for allegedly "groundless" and "bad faith" statements appellants made in their objections to Lanier's motion for continuance. *See* Tex. R. Civ. P. 13. Appellants filed a response, in which they included two paragraphs referencing the TCPA. The entirety of appellants' TCPA argument is set out below:

> 4. Plaintiffs further contend that the Defendant's motions for sanctions constitute violations of Chapter 27 of the Texas Civil Practice and Remedies Code to the extent that these actions interfere with Plaintiffs' exercise of their Constitutional rights to petition.

5. For purposes of Defendant's requests for sanctions which are currently pending before the Court, Plaintiffs hereby invoke the provisions of § 27.003 of the Texas Civil Practice and Remedies Code and move to dismiss.

In order for appellants to be entitled to dismissal, they must demonstrate that a "legal action" is "based on" or "in response to" their exercise of the right to petition. TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(B). The term "legal action" includes "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief," but does not include "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." *Id.* § 27.001(6). The right to petition is defined as, among other things, a "communication in or pertaining to . . . a judicial proceeding." *Id.* § 27.001(4).

Appellants did not file any briefing related to their TCPA "motion" and did not make any of the arguments that they make on appeal. For instance, appellants did not argue below that Lanier's motion for sanctions fits within the definition of "legal action" as is defined by the TCPA. Nor did they identify any "communications" that qualified as an exercise of their right to petition or otherwise explain *how* Lanier's motion for sanctions implicated their right to petition. Appellants made no legal argument whatsoever. They simply included a one-

11

sentence statement purporting to invoke the TCPA. We hold that this is not sufficient to preserve the issue for our review on appeal. *See* TEX. R. APP. P. 33.1(a)(1).

We are mindful that the Texas Supreme Court has cautioned courts of appeals not to impose "too strict a view of error preservation in th[e TCPA] context. Rules of error preservation should not be applied so strictly as to unduly restrain appellate courts from reaching the merits of a case." *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018). In *Adams*, Adams moved to dismiss Starside's defamation claim under the TCPA, which was purportedly based on various statements he made about Starside's conduct in texts and emails. Adams contended that the TCPA applied because he had a constitutional right to speak about Starside's services and to interact with law enforcement. *Adams v. Starside Custom Builders, LLC*, 545 S.W.3d 572, 578 n.4 (Tex. App.—Dallas 2016), *rev'd*, 547 S.W.3d 890 (Tex. 2018). The court of appeals held that Adams failed to establish that the statements forming the basis of Starside's defamation claim were based on or related to Starside's services in the marketplace, and therefore, an exercise of his right to free speech. *Id.* at 578–79. The court of appeals declined to address Adams's argument on appeal that the statements also implicated his right to free speech because they were related to community well-being because Adams did not raise that argument in the trial court. *Id.* at 578 n.4. The Supreme Court reversed, first noting that it was "not convinced that Adams failed to argue community and

12

environmental well-being in the trial court, as he expressly mentioned these concerns at the hearing on the motion to dismiss." *Adams*, 547 S.W.3d at 896. The Supreme Court explained that it had not "previously cabined [its] TCPA analysis to the precise legal arguments or record references a moving party made to the trial court regarding the TCPA's applicability." *Id.* at 897. Therefore, the Supreme Court considered the appellant's arguments that his alleged defamatory statements were related to Starside's services in the marketplace *and* to the community and environmental well-being. *Id.*

We find this case distinguishable from *Adams* because this is not a case where, on appeal, appellants merely expanded on issues previously presented to the trial court or presented new arguments in support of those issues previously raised. *See id.* at 896–97 ("We do not consider issues that were not raised in the courts below, but parties are free to construct new arguments in support of issues properly before the Court." (citing *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014)). Rather, in their "motion," appellants identified no protected communications, provided no explanation for how Lanier's motion infringed on a protected right, and included no analysis of the applicability of the TCPA. The motion consisted of a single statement that the TCPA applied because the motion for sanctions interfered with appellants' right to petition. Apart from this single statement, appellants presented no legal argument to the trial court in the first

instance. *Cf. Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) ("Preservation of error reflects important prudential considerations recognizing that the judicial process benefits greatly when trial courts have the opportunity to first consider and rule on error."). For this reason, based on the specific facts of this case and the manner in which the TCPA was presented to the trial court, we hold that appellants have failed to preserve their argument that the trial court should have granted their TCPA motion to dismiss. *See* Tex. R. App. P. 33.1(a)(1). We overrule appellants' third issue.

## Conclusion

We dismiss for lack of jurisdiction appellants' appeal from the trial court's November 15 and 29 orders to the extent that those orders impose sanctions and grant special exceptions. We affirm the trial court's November 15 and 29 orders to the extent that they deny appellants' TCPA motion to dismiss.


Amparo Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.