LAREDO JUNIOR COLLEGE DISTRICT
et al., Appellants,

v.

Dr. Judith ZAFFIRINI, Appellee.

No. 16389.

Court of Civil Appeals of Texas,
San Antonio.

Sept. 19, 1979.

Rehearing Denied Oct. 11, 1979.

John N. McCamish, Jr., Michael W. Fox, Soules & McCamish, San Antonio, Oscar J. Pena, Laredo, for appellants.

Matt Garcia, San Antonio, C. M. Zaffirini, Laredo, for appellee.

## OPINION

On Motion for summary reversal of temporary injunction or for advancement on docket, and for extension of time.

PER CURIAM.

Defendants have filed a motion that we summarily enter judgment reversing the order of the trial court granting plaintiff's prayer for a temporary injunction based on defendant's inability to secure a statement of facts. This motion contains an alternative prayer for advancement of the case. Additionally, defendant has filed a motion for extension of time within which to file the statement of facts. The court reporter has timely prepared and delivered to defendants a statement of facts embodying the evidence heard by the trial court at a hearing held by the district court of Webb County on August 13, 1979. Defendants have tendered to the clerk of this Court a statement of facts which is approved only by counsel for defendants. The motion for summary reversal recites that counsel for plaintiffs has refused to approve such instrument and that defendants are unable to present the statement of facts to the trial judge because the judge has been "recused from all further proceedings."

An examination of the transcript reflects that the trial court's order of which defendants complain is not a final order and is not an interlocutory order of the nature made appealable by Rule 385, Tex.R.Civ.P. The appeal is, therefore, dismissed for want of jurisdiction and defendants' motions are dismissed as moot.

Under Rule 385(d), an appeal will lie from an order granting or refusing a temporary

injunction, or granting or overruling a motion to dissolve a temporary injunction.

In its original petition in this case plaintiff sought a temporary restraining order, a temporary injunction and a permanent injunction. The petition was filed on July 25, 1979, and on the same day the trial judge granted a temporary restraining order without hearing, setting August 3, 1979, as the date for the hearing on plaintiff's application for temporary injunction. On August 2, 1979, plaintiff filed her motion to reset the hearing for August 13, 1979, due to the inability of her counsel to appear on August 3, and further asked that the temporary restraining order be extended to the date of the hearing on the application for temporary injunction.

On August 2, 1979, the trial judge reset the hearing on the application for temporary injunction for August 13, and further ordered that the temporary restraining order issued on July 25 be "extended" through August 2, 1979.

On August 13, 1979, the parties appeared for the hearing on the application for temporary injunction. According to the order signed by the trial judge on August 17, 1979, after the hearing had begun the trial court was informed by counsel for defendant that he intended to call 40 witnesses to testify on behalf of defendant. The order recites that the court had set other cases for hearing on August 13, 1979, including some cases to be heard at 2:00 p. m. on that date, and that the court therefore recessed the hearing at 1:30 p. m. until August 27, 1979, "the earliest possible time for the Court to resume and conclude this hearing, at which time the Court has cleared four days from its docket for this cause . . . ." The order then continues with the recitation that the court is of the opinion that the status quo "should be preserved until the hearing on [the] application for temporary injunction is concluded", and that the court's jurisdiction be protected until such hearing is concluded.

Such preamble is followed by an order that defendants "are . . . temporarily enjoined" from doing certain specified things "until the hearing on the application for temporary injunction is concluded or until further orders of" the court.

Rule 680 provides that a temporary restraining order granted without notice "shall expire by its terms within such time after entry, not to exceed ten days," as the court fixes, unless within the time so fixed the court, for good cause shown, extends it "for a like period", or unless the party restrained consents to a longer extension.

In this case, the court ordered one extension of the restraining order for a period ending on August 2, although the hearing on the application for temporary injunction was postponed from August 3 to August 13. When the temporary injunction hearing was begun on August 13, therefore, the temporary restraining order was no longer in force. The rule contains no provision for a third extension unless, perhaps, such additional extension is with the consent of the party against whom the temporary restraining order is directed.

It is clear that the order dated August 17 cannot be considered as an order granting a temporary injunction. Traditionally, a temporary injunction is one which restrains the doing of certain acts during the pendency of the suit to which it is ancillary. *Riggins v. Thompson,* 96 Tex. 154, 71 S.W. 14 (1902). The order of August 17 unequivocally shows that its purpose was merely to postpone completion of the hearing on plaintiff's application for temporary injunction for two weeks, and that the court's concern was with maintenance of the status quo until such hearing could be completed. In effect, such order was an invalid attempt to prolong the life of the temporary restraining order.

Since the order of August 17 cannot be considered an order granting a temporary injunction, it cannot be considered an appealable interlocutory judgment under the provisions of Rule 385.

The appeal is dismissed for lack of an appealable order. The motions for summary reversal, for advancement and for extension of time within which to file the statement of facts are dismissed.