J. Wade BROWNE, Appellant,

v.

BEAR, STEARNS & CO., INC., and Hillel A. Feinberg, Appellees.

No. 05–88–00854–CV.

Court of Appeals of Texas, Dallas.

Jan. 12, 1989.

Rehearing Denied Feb. 13, 1989.

Ralph C. Jones, Dallas, for appellant.

Mary L. O'Connor, Dallas, for appellees.

Before DEVANY,[1] McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Appellant brought an action in the 160th Judicial District Court of Dallas County for defamation, tortious interference with contract, and negligent and wrongful garnish-

---

1. Justice Joseph A. Devany not participating.

ment or taking of wages. Appellees filed a Motion to Dismiss, or in the alternative, to Compel Arbitration or Stay Proceedings Pending Arbitration and Original Answer and Plea in Abatement. In response, appellant filed an Amended First Petition which prayed for a temporary restraining order and permanent injunction seeking to prevent appellee from taking the claims to arbitration before the New York Stock Exchange. At an evidentiary hearing both appellees' alternative motions and plea in abatement and appellant's application for a temporary injunction were heard by the court. The court entered an Order Abating Case and denied appellant's requested injunctive relief. Appellant, in six points of error, appeals this order. We dismiss this appeal for want of jurisdiction.

It is a general rule that appeals may be taken only from a final judgment. There are a few well-known exceptions in which it is expressly provided by statute that appeals may be taken from interlocutory orders. *Byer v. Dallas Power & Light Co.*, 290 S.W.2d 948, 950 (Tex.Civ.App.—Dallas 1956, no writ); *Prodeco Exploration, Inc. v. Ware*, 684 S.W.2d 199 (Tex.App.—Houston 1984, no writ). The Texas Civil Practice and Remedies Code at section 51.014 provides that a person may appeal from an interlocutory order of a district court that: (1) appoints a receiver or trustee; (2) overrules a motion to vacate an order that appoints a receiver or trustee; (3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure; or (4) grants or refuses a temporary injunction or overrules a motion to dissolve a temporary injunction as provided by Chapter 65. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1989).

Appellant urges that we have jurisdiction to consider the propriety of the failure to grant his petition for a temporary injunction since such orders are reviewable by statute. It is, however, well settled in this State that an appeal from an interlocutory order granting or refusing a temporary injunction may not be used as a vehicle for carrying other non-appealable interlocutory orders and judgments to the appellate

court. *City of Arlington v. Texas Electric Service Co.*, 540 S.W.2d 580, 582 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). Although appellant styled his pleading as a request for a temporary injunction it was directed to respond to appellee's plea in abatement. Appellant was attempting to enjoin the appellee from abating the case and taking the claims to arbitration before the New York Stock Exchange.

It has been consistently held that the overruling of a plea in abatement is purely interlocutory and is therefore not appealable. *Johnson v. Avery*, 414 S.W.2d 441, 443 (Tex.1966). The rule to be applied on sustaining a plea in abatement is set out in *Dyches v. Ellis*, 199 S.W.2d 694 (Tex.Civ. App.—Austin 1947, no writ) and followed in *Herbert v. Shrake*, 492 S.W.2d 605, 606 (Tex.Civ.App.—Houston [1st Dist] 1973, no writ) as follows:

> It is true, as appellant urges, that a plea in abatement is, correctly speaking, one in limine only, and does not go to the merits of the suit in which it is filed. See 1 Tex.Jur., p 21, § 3, and p. 148 § 107. This is elementary. It is also true that the proper order or judgment upon sustaining such plea, is not to dismiss the case, but to retain it suspended upon the docket, subject to be revived if and when the cause of abatement is removed.

This rule does not prevent the case from later dismissal for lack of prosecution but only protects the party from having it dismissed automatically upon the sustaining of a plea in abatement, and allows him to later revive his cause of action when the cause of the abatement is removed. *Herbert v. Shrake*, 492 S.W.2d at 606. If, however, the plea in abatement were sustained, and the suit dismissed, disposing of all parties and issues, this would be, for all intents and purposes, a final judgment and therefore such an order would be appealable. *City of Arlington*, 540 S.W.2d at 582. The order in this case, however, does not dismiss the case and dispose of the parties and issues.

Appellee moved to dismiss the case *or in the alternative* to compel arbitration or stay the proceedings pending arbitration, a

plea in abatement. It was appellee's alternative plea in abatement, not its motion to dismiss which was granted. The court's order further provided: "All relief not expressly granted herein is denied." The record does not disclose that the case has been dismissed so we must assume that it has been suspended on the docket subject to completion of the arbitration proceeding. In the absence of a final judgment or a dismissal of the case, this appeal is premature.

The attempted appeal of the court's order granting the plea in abatement is dismissed for want of jurisdiction.