In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00468-CV
_____

CHICAGO BRIDGE & IRON COMPANY (DELAWARE), CB&I UK
LIMITED, AND CB&I COLOMBIANA S.A., Appellants

V.

DAVID A. DELMAN AND HOGAN LOVELLS US LLP, Appellees

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 13-12-13681 CV

MEMORANDUM OPINION

Chicago Bridge & Iron Company (Delaware), CB&I UK Limited, and CB&I

Colombiana S.A. (referred to collectively as "CB&I") contend the trial court

abused its discretion when it stayed CB&I's suit against David A. Delman

("Delman") and Hogan Lovells US LLP ("Hogan Lovells"). Delman and Hogan

Lovells contend this Court lacks jurisdiction over CB&I's accelerated appeal. We

dismiss the accelerated appeal for lack of jurisdiction, and we decline the appellant's alternate request for mandamus relief.

CONTRACT PROVIDING FOR ARBITRATION

In its trial court pleadings, CB&I alleged that Delman, while employed as general counsel for CB&I, participated in the negotiation and formation of an engineering, procurement, and construction contract ("EPC contract") regarding an oil refinery owned by Ecopetrol, S.A. and operated by its affiliate, Refinería de Cartagena S.A. ("Reficar"). In connection with their project agreements, CB&I UK Limited, CB&I Colombiana S.A., and Reficar executed a Dispute Resolution Agreement ("DRA"). The DRA defines a "Dispute" subject to arbitration as

> any dispute, controversy or claim which arises out of or is related to any one or more Project Agreements, including the existence, validity, interpretation, execution, termination or breach of any one or more Project Agreements or the rights of the Parties under any one or more Project Agreements or which arises out of or in connection with the Project.

The DRA defines "Party" as the signatories to the agreement and "any other Person which becomes a Party to this Agreement" under the terms of a project agreement or by signing an accession agreement. The DRA provides that the arbitral tribunal shall have the authority "to allow, only upon the application of a Party, one or more third parties to be joined in the arbitral proceedings (and each Party hereby confirms that it consents to being so joined)" and provides that power

2

may only be exercised after all parties to the arbitral proceedings have been given an opportunity to make representations on the matter.

The DRA expressly disclaims third party rights as follows:

> It is expressly understood and agreed that this Agreement is entered into solely for the mutual benefit of the Parties to this Agreement and that no benefits, rights, duties, or obligations are intended or created by this contract as to any person who is not:
> (i) a Party to this Agreement or the permitted successor, assignee or transferee of such Party; or
> (ii) a person who is entitled to become a Party to this Agreement in accordance with Clause 6.

The DRA excludes some judicial proceedings, as follows:

> The foregoing provision of [ ] Clause 7 does not preclude the Parties from applying for any preliminary, interim or injunctive remedies available from any court of competent jurisdiction for any purpose, including, without limitation, securing the enforcement of any Arbitration Award. The institution and maintenance of an action or judicial proceeding for or pursuit of such preliminary, interim or injunctive remedies shall not constitute a waiver of the right of any Party to submit the Dispute to arbitration under this Agreement if such Party would otherwise have such right.

LITIGATION AGAINST FORMER COUNSEL AND HIS NEW FIRM

Following execution of the 2010 EPC contract between CB&I and Reficar, Delman and CB&I executed a Transition Services Agreement ("TSA") under which Delman allegedly "agreed to devote his time and effort to carry out the transition of counsel" and that CB&I contends required Delman to keep confidential all business information he obtained during his employment with

3

CB&I. Delman's employment with CB&I ceased in October of 2010. After his employment with CB&I ended, Delman joined Hogan Lovells,[1] which had a pre-existing attorney-client relationship with Ecopetrol, and Delman and Hogan Lovells allegedly commenced representation of Reficar in the dispute between CB&I and Reficar relating to the Project.

CB&I sued Delman and Hogan Lovells, asserting claims for breach of the TSA, breach of fiduciary duty, aiding and abetting in a breach of fiduciary duty and conspiracy to breach fiduciary duty through the representation of and disclosure of confidential information. CB&I requested actual damages, attorneys' fees, and a declaratory judgment regarding the parties' rights and status under the TSA. Delman and Hogan Lovells filed a motion to stay the litigation on the ground that the dispute was subject to arbitration. Thereafter, CB&I amended its pleadings to add a request for a temporary and a permanent injunction to prohibit Delman and Hogan Lovells from representing Reficar and Ecopetrol in matters adverse to CB&I concerning the 2010 EPC Contract and from disclosing or using any of CB&I's confidential information. CB&I served written discovery upon Delman

---

[1]According to the Motion to Stay filed by Delman and Hogan Lovells, "[e]ighteen months later, in April 2012, [Delman] joined Hogan Lovells…. [A]nd in early 2013 (over 2 1/2 years after Delman left CB&I) Reficar hired Hogan Lovells to provide advice and counsel in connection with the refinery expansion project…."

and Hogan Lovells. Delman and Hogan Lovells sought protection from CB&I's discovery requests. CB&I also sent Delman and Hogan Lovells a copy of a request for a third-party subpoena to be served on Reficar requesting documents directly from Reficar. In response, Delman and Hogan Lovells filed a request with the trial court asking for a protective order with respect to the third-party subpoena on Reficar, urging the trial court to quash the subpoena and to grant the stay of the litigation. Therein, Delman and Hogan Lovells stated:

> Hogan Lovells and David Delman object to the subpoena, Tex. R. Civ. P. 176.6, and seek a protective order on their own behalf and not on behalf of Reficar (and without prejudice to any rights or interests that Reficar may assert in the event that the subpoena issues and is properly served upon it). Effective September 25, 2014, Hogan Lovells no longer represents Reficar in connection with the Project. David Delman ceased legal work for Reficar in connection with the Project effective June 6, 2014. Thus Hogan Lovells and David Delman do not speak for Reficar.

On October 7, 2014, the trial court signed an order staying the case until further order of the trial court. CB&I filed a notice of accelerated appeal and combined its brief on appeal with a petition for writ of mandamus. Delman and Hogan Lovells filed a motion to dismiss the accelerated appeal and a response to the request for a writ of mandamus.

5

ANALYSIS

a.  Accelerated Appeal.

Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. Tex. R. App. P. 28.1. CB&I contends that by staying the entire case, the trial court's order functioned as a denial of CB&I's injunction claims. A party may appeal from an interlocutory order that grants or refuses a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2015). The character and function of an order determine its classification. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Although CB&I requested a temporary injunction in its pleadings, the record does not include a supporting affidavit or a request for a hearing date, and CB&I concedes that no motion for temporary injunction had been filed when the trial court signed the order CB&I seeks to appeal. A trial court's failure to grant a temporary injunction requested by the pleadings cannot be used as a vehicle for an interlocutory appeal of an order abating the case. *See Browne v. Bear, Stearns & Co., Inc.*, 766 S.W.2d 823, 824 (Tex. App.—Dallas 1989, writ denied). Nor should it be used as an interlocutory vehicle for an appeal of an order staying a case. *Id.* We conclude that the trial court's order is not subject to appeal as an order denying a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

b. Request for Mandamus Relief.

In the alternative, CB&I asks this Court to grant mandamus relief and instruct the trial court to lift the stay and proceed with litigation. "Even when an order is not reviewable by interlocutory appeal, that does not always preclude review by mandamus." *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 841-42 (Tex. 2009). We consider the case-specific benefits and detriments of mandamus review. *Id.* at 842. A question about the existence of a valid arbitration clause between specific parties presents a gateway issue for the court to determine under ordinary principles of contract law. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, No. 13-0497, 2015 WL 1288373, at *14 (Tex. Mar. 20, 2015).

In their motion to stay, Delman and Hogan Lovells argued that a stay of the litigation was required because a valid arbitration agreement exists and they are entitled to invoke the DRA under theories of agency and equitable estoppel that apply under the DRA's New York choice-of-law clause. In response, CB&I argued that Hogan Lovells failed to prove a valid arbitration agreement because neither Delman nor Hogan Lovells was a party to the DRA, the DRA expressly disclaimed third party rights, and CB&I's claims fall outside the scope of the DRA. Although the movants premised their request for a stay of the trial court's proceedings upon their argument that they were entitled to invoke the DRA, the trial court's order

7

makes no findings as to the arbitrability of the claims presented in CB&I's trial court pleadings. The parties did not ask the trial court to prepare findings of fact and conclusions of law. *See generally* Tex. R. App. P. 28.1(c).

c. Abuse of Discretion.

Assuming without deciding that some or all of CB&I's claims are not subject to arbitration, we must determine whether the trial court abused its discretion by staying the entire case and whether CB&I has an adequate remedy. *See In re Gulf Exploration*, 289 S.W.3d at 843. Generally, courts recognize that a trial court may stay litigation of non-arbitrable claims as a matter of its discretion to control its docket. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 81 L.Ed. 153 (1936).

CB&I argues that because the trial court has not compelled arbitration, CB&I cannot obtain review until it initiates the very arbitration that it opposes. However, the trial court had information before it from which it could have concluded that a dispute existed between CB&I and Reficar, that it was likely that arbitration proceedings between the parties to the DRA would occur, and that the outcome of the arbitration proceedings would likely determine what damages, if any, flow from an alleged breach of fiduciary duty by Delman. For example,

CB&I's trial court pleadings state: (1) "After the 2010 EPC Contract's execution, several disputes arose between CB&I and REFICAR, including, but not limited to, disputes concerning the project scope, project schedule, and the cost of the project. Delman, as CB&I's counsel, was personally involved in analyzing CB&I's position and strategy in these disputes."; and (2) "If a temporary injunction is not granted, . . . CB&I's confidential information can then be used by REFICAR against CB&I in the pending multi-million dollar disputes between the companies." The motion to stay filed by Delman and Hogan Lovells includes statements that acknowledge the likelihood of arbitration between CB&I and Reficar, including: (1) "CB&I seeks to undermine Reficar's choice of counsel in a dispute that is building about CB&I's performance of the Project[]"; (2) "[T]he only potential 'dispute' between CB&I and Reficar is whether CB&I has performed under that unambiguous contract[]"; and (3) "This lawsuit is a preemptive strike, through which CB&I hopes to hamper Reficar in any future arbitration by attempting to deprive Reficar of its chosen counsel and gain discovery of confidential information that would be beyond its reach in any arbitration dispute between CB&I and Reficar."

CONCLUSION

We conclude that the trial court did not abuse its discretion by staying the litigation to provide an opportunity for the anticipated arbitration between CB&I and Reficar to proceed. While the trial court's order stays the litigation indefinitely, CB&I has not presented a complaint to the trial court or to this Court concerning the indefinite duration of the stay. We express no opinion concerning whether the trial court abused its discretion in issuing an indefinite stay. Accordingly, we do not consider granting mandamus relief at this time. The accelerated appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice


Submitted on January 30, 2015
Opinion Delivered April 23, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.