**Dismissed and Opinion Filed August 17, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00916-CV

## SOIL BUILDING SYSTEMS, INC., Appellant
## V.
## MICHAEL FITCH, Appellee

**On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-20-11880**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Molberg

In this accelerated interlocutory appeal, appellant Soil Building Systems, Inc. (SBS) appeals an order denying in part and granting in part its application for a temporary injunction. In two issues, SBS argues the trial court abused its discretion by (1) failing to reform appellee Michael Fitch's covenant not to compete with a reasonable geographic restriction and (2) sustaining an objection in the temporary injunction hearing to a question about the reason Fitch designated certain documents as confidential. For the reasons below, we dismiss the appeal for want of jurisdiction in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND[1]

Fitch is a former employee of SBS, a landscape supply company. On March 1, 2017, Fitch signed an SBS employment agreement which included non-disclosure, non-solicitation, and non-compete terms.

SBS terminated Fitch on October 24, 2019, and afterwards, he began working for an SBS competitor, The LETCO Group, LLC (LETCO). SBS argues this violates Fitch's covenant not to compete.

On August 26, 2020, SBS sued Fitch for breach of contract and declaratory judgment and sought a temporary restraining order and temporary and permanent injunctions ordering Fitch to cease and desist from working with SBS's direct competitors, contacting or doing business with SBS's customers and prospective customers, and using SBS's confidential and proprietary info.

SBS's request for a temporary restraining order sought an order from the court restraining Fitch from:

a.      employment with LETCO or any other direct competitor within fifty (50) miles of SBS' location of 2101 Walnut Hill Lane, Dallas, Texas 75229;

b.      contacting SBS' customers and prospective customers;

---

[1] The facts are well-known to the parties, and we do not recite them here except as necessary "to advise the parties of the court's decision and the basic reasons for it." TEX. R. APP. P. 47.4. Additionally, because portions of the record in this case are sealed, where possible, we avoid referring to the materials the parties intended to be confidential and make some references deliberately vague. *See Kartsotis v. Bloch*, 503 S.W.3d 506, 510 (Tex. App.—Dallas 2016, pet. denied).

c.    using or disclosing to others any of SBS' sales, cost and pricing data, sales materials, methods and procedures, and SBS formulations for compost, mulch and soil mixes; [and]

d.    using, publishing, or distributing any contracts, customer lists, pricing information, financial information and/or any other of SBS' confidential information for any purpose.

The trial court granted the temporary restraining order,[2] which was extended several times by agreement.  SBS's request for temporary and permanent injunctive relief generally mirrored the relief sought in the application for a temporary restraining order.

On September 23, 2020, the trial court conducted a temporary injunction hearing.  SBS's owner, Fitch, and a LETCO representative testified, and various exhibits were admitted into evidence.  During the hearing, SBS's owner testified that he was requesting that the trial court reform the non-compete agreement to include a fifty-mile geographic restriction.[3]  Also during the hearing, the court sustained an objection to a question posed to Fitch regarding why he produced certain documents as confidential.

---

[2] The temporary restraining order (TRO) did not restrain Fitch from working with LETCO or any other direct competitor within fifty (50) miles of SBS' location of 2101 Walnut Hill Lane, Dallas, Texas 75229, as SBS requested, but did restrain Fitch from "contacting any of SBS's customers to which [he] directly worked with or had contact while employed with [SBS];" "using or disclosing to others any of SBS's sales, cost and pricing data, sales materials, methods and procedures, and SBS' formulations for compost, mulch and soil mixes, and "using, publishing, or distributing any contracts, customer lists, pricing information, financial information and/or any other of SBS' confidential information for any purpose."  The TRO also stated that, "no later than seven (7) days from the date of [the TRO]," Fitch "shall return any of SBS's sales, cost and pricing data, sales materials, methods and procedures, and SBS' formulations for compost, mulch and soil mixes" and "shall return any contracts, customer lists, pricing information, financial information and/or any other of SBS' confidential information."

[3] The non-competition agreement, of three-years' duration, is unlimited in its geographic scope.

At the end of the hearing, the court took the matter under advisement. On October 2, 2020, the court entered a temporary injunction granting in part and denying in part SBS's application for temporary injunctive relief. The order stated, in part, "The Court, after hearing and considering the evidence presented and the argument of counsel finds that [SBS's] Application for Temporary Injunction should be DENIED IN PART and GRANTED IN PART."

The trial court did not specifically state what matters were being denied, and the order did not refer to SBS's request that the court reform the non-compete agreement by providing a fifty-mile geographic restriction.

In terms of what was granted, among other things, the order stated that, "Fitch is immediately restrained from using [SBS's] proprietary and trade secret information that is not otherwise publicly discoverable to contact [SBS's] customers that have never done business with [LETCO] and that cannot otherwise be publicly or independently discovered." The order also stated, "Without such an injunction, [SBS] will be irreparably harmed in a way that cannot be adequately redressed by law." The order commanded Fitch "to desist and restrain [sic] from using, publishing, or distributing any of [SBS's] contracts, financial information, and formulations for compost, mulch and soil mixes" and from "contacting any of [SBS's] customers that have never done business with [LETCO] unless such contact results from the use of publicly and/or independently discoverable information."

The order set the matter for trial on the merits on September 14, 2021.

SBS timely filed a notice of accelerated appeal.

ISSUES AND ANALYSIS

*Appellant's Issues*

SBS raises two issues, arguing, in essence, that the trial court erred by failing to reform the non-compete covenant and by sustaining Fitch's objection to a question in the temporary injunction hearing about why he designated certain documents as confidential.

In its principal brief, SBS states its two issues as follows:

1. Did the trial court abuse its discretion in denying, in part, SBS's application for temporary injunction?

    a. Where SBS undisputedly showed that it operates within a 50-mile radius of its location in the DFW Metroplex, and Fitch conducted his duties for SBS within the 50-mile radius of SBS' business location, did the trial court abuse its discretion by failing to reform the Non-Compete Covenant to include a reasonable geographic restriction at the temporary injunction stage?

    b. Because Fitch is directly competing with SBS in violation of Fitch's Employee Agreement, did the trial court abuse its discretion in failing to enforce the Non-Compete Covenant with a reformed, reasonable geographic restriction – to keep the status quo?

2. Did the trial court err in sustaining Fitch's objection to SBS' questions related to the reason Fitch designated documents that Fitch produced as confidential?

In its principal and reply briefs in this Court, SBS asks that this Court "determine that the trial court may reform a non-compete covenant at the temporary injunction stage . . . abused its discretion in failing to reform the non-compete covenant and further abused its discretion in failing to enforce the non-compete

–5–

agreement to prohibit Fitch from competing with SBS within fifty (50) miles of SBS's principal place of business, or other reasonable geographic restriction" and "reform the geographical restriction to a fifty (50) mile radius from SBS' location and enforce the non-compete covenant at the temporary injunction stage" or, "[a]lternatively . . . remand [the] case . . . directing the trial court to reform the non-compete covenant at the temporary injunction stage to include a reasonable geographical restriction." Finally, SBS asks that we "determine the trial court erred in sustaining Fitch's objection to questions relating to Fitch's marking of documents as confidential" and that we "grant any other relief to which SBS may be entitled."

*Jurisdiction*

Though neither party has addressed the issue in their briefs, because appellate jurisdiction is never presumed, we are obligated to review sua sponte issues affecting our jurisdiction and must therefore determine the extent of our jurisdiction to decide the issues SBS presents. *See Saleh v. Hollinger*, 335 S.W.3d 368, 370 (Tex. App.—Dallas 2011, pet. denied) (citations omitted). We review de novo whether we have jurisdiction over an appeal because jurisdiction is a question of law. *Id.* (citations omitted).

"As a general rule, subject only to 'a few mostly statutory exceptions,' parties may only appeal a final judgment." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 632 (Tex. 2021) (citation omitted); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)

–6–

(footnotes and related citations omitted); *see Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *Browne v. Bear Stearns & Co.*, 766 S.W.2d 823, 824 (Tex. App.—Dallas 1989, writ denied).

We "strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (citations omitted).

In addition to other matters that are not pertinent here, section 51.014 of the civil practice and remedies code allows a person to "appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." *See* TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(4), 65.001–.045.

SBS appeals from an order that granted in part and denied in part its request for a temporary injunction, but SBS's issues and its requested relief in this Court specifically concern alleged error regarding reformation of a non-compete covenant and an evidentiary ruling in a pretrial hearing—neither of which are mentioned in section 51.014(a)(4) or elsewhere in section 51.014. *See* TEX. CIV. PRAC. & REM. CODE § 51.014.

We addressed a jurisdictional question regarding reformation of a non-compete covenant in the context of an interlocutory appeal in *McNeilus Cos. v. Sams*,

971 S.W.2d 507, 508–11 (Tex. App.—Dallas 1997, no pet.). In that case, the trial court had denied a temporary injunction because the non-compete agreement was unreasonably broad and imposed a greater restraint than was necessary to protect the former employer's business and goodwill. *Id*. at 509–10. After entry of the order, the former employer then filed a motion to reform the agreement, which the trial court also denied. *Id*. at 510. The employer then filed an interlocutory appeal regarding both rulings, arguing the trial court abused its discretion in denying the temporary injunction or, alternatively, in refusing to reform the agreement. *Id*. at 508. On the issue of reformation, we stated:

> This is an interlocutory appeal. As a general rule, appeals may be taken only from a final judgment. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *Browne v. Bear Stearns & Co.*, 766 S.W.2d 823, 824 (Tex. App.—Dallas 1989, writ denied). Interlocutory orders are appealable only if specifically authorized by statute. *Tipps*, 842 S.W.2d at 272. The Texas Civil Practice and Remedies Code specifically provides that an appeal may be taken from an interlocutory order granting or refusing a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 1997). Thus, only the trial court's decision to grant or refuse to grant a temporary injunction is subject to interlocutory appeal. We are not aware of any statutory provision authorizing an appeal from an interlocutory order denying a motion to reform a covenant not to compete. An appeal from an interlocutory order in an injunction case may not be used as a vehicle for appellate court review of other nonappealable interlocutory orders. *Browne*, 766 S.W.2d at 824. We hold that a trial court's refusal to reform the agreement is not appealable at this interlocutory stage; accordingly, McNeilus's second point of error is dismissed for want of jurisdiction.

*Id*. at 511.

Relying on *McNeilus* and another case from our Court, one of our sister courts also refused to reform a non-compete agreement in an interlocutory appeal. *See Sadler Clinic Ass'n v. Hart*, No. 09-09-00452-CV, 2010 WL 114241, at *3 (Tex. App.—Beaumont Jan. 4. 2010, no pet.) (mem. op.). The court stated:

> Because we need not decide the merits of the noncompete agreement in this interlocutory appeal, we do not reform the agreement in this appeal. *See Loye v. Travelhost, Inc.*, 156 S.W.3d 615, 619 (Tex. App.—Dallas 2004, no pet.) (Appeal of an order denying temporary injunction 'does not present for appellate review the ultimate question of whether the covenant is enforceable [ .]'); *McNeilus Cos., Inc. v. Sams*, 971 S.W.2d 507, 508, 511 (Tex. App.—Dallas 1997, no pet.) (statute authorizing interlocutory appeal does not encompass an appeal of a refusal to reform a noncompetition agreement.).

While a trial court must ultimately reform certain covenants not to compete,[4] in light of section 51.014's plain language, the strictness with which we are to apply statutes granting interlocutory appeals, *see CMH Homes*, 340 S.W.3d at 447, and the other authorities discussed herein, we conclude that we lack jurisdiction in this interlocutory appeal to decide the two specific issues SBS presents. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4); *Sadler Clinic Ass'n*, 2010 WL 114241, at *3; *McNeilus Cos.*, 971 S.W.2d at 508–11.

---

[4] *See* TEX. BUS. & COM. CODE § 15.51(c) (stating, in part, "If the covenant [not to compete] is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.")

CONCLUSION

We overrule SBS's two issues and dismiss the appeal for want of jurisdiction.


/Ken Molberg/
KEN MOLBERG
200916f.p05                                JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SOIL BUILDING SYSTEMS, INC.,
Appellant

No. 05-20-00916-CV          V.

MICHAEL FITCH, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-11880.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.


Judgment entered this 17th day of August, 2021.